**FILED**

JUN 1 9 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 13 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>OAKLAND CANNABIS BUYERS' COOPERATIVE; JEFFREY JONES,<br><br>Defendants - Appellants. | No. 05-16466<br><br>D.C. No. CV-98-00088-CRB<br><br><br>MEMORANDUM* |
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>MARIN ALLIANCE FOR MEDICAL MARIJUANA; LYNETTE SHAW,<br><br>Defendants - Appellants. | No. 05-16547<br><br>D.C. No. CV-98-00086-CRB |
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee, | No. 05-16556<br><br>D.C. No. CV-98-00087-CRB |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

v.

UKIAH CANNABIS BUYER'S CLUB;
CHERRIE LOVETT; MARVIN
LEHRMAN; MILDRED LEHRMAN,

Defendants - Appellants.

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted December 4, 2007
San Francisco, California

Before: BRIGHT[**], FARRIS, and THOMAS, Circuit Judges.

The Defendants appeal the district court's order permanently enjoining the defendants from distributing or manufacturing marijuana and conducting like activities pursuant to the California Compassionate Use Act of 1996. We affirm. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

I

---

[**] The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

The district court properly concluded that the placement of marijuana in Schedule I of the Controlled Substances Act satisfies rational basis review. The rational basis standard is a familiar one: courts review challenged legislation with the presumption that it will be found valid unless it bears no rational relationship to a legitimate legislative purpose. See, e.g., Williamson v. Lee Optical, Inc., 348 U.S. 483, 485-88 (1955); United States v. Carolene Prods. Co., 304 U.S. 144, 152-54 (1938). "[A] statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld . . . if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." FCC v. Beach Commc'ns, Inc., 508 U.S. 307, 313 (1993). "A statute is presumed constitutional[] . . . and '[t]he burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it.'" Heller v. Doe, 509 U.S. 312, 320 (1993) (quoting Lehnhausen v. Lake Shore Auto Parts Co., 410 U.S. 356, 364 (1973) (internal quotation marks omitted) (second alteration in original)). Rational basis review "is not a license for courts to judge the wisdom, fairness, or logic of legislative choices." Beach Commc'ns, 508 U.S. at 313.

Applying this standard we have previously concluded that the classification of marijuana in Schedule I of the Controlled Substances Act is constitutional.

3

United States v. Miroyan, 577 F.2d 489, 495 (9th Cir. 1978). Although, as the Defendants point out, new information has been developed concerning the use of marijuana since 1978, the developments have not "left its central holding obsolete." Planned Parenthood of Southeastern Pennsylvania v. Casey, 505 U.S. 833, 860 (1992). Indeed, the Supreme Court recently reinforced this conclusion by upholding Congressional authority to regulate locally cultivated medical marijuana. Gonzales v. Raich, 545 U.S. 1, 9 (2005). In so doing, the Court stated that it "ha[d] no difficulty concluding that Congress acted rationally in determining that none of the characteristics making up the purported class [seriously ill California residents who have been prescribed medical marijuana] . . . compelled an exemption from the CSA; rather, th[is] . . . class of activities . . . was an essential part of the larger regulatory scheme" of the CSA. Id. at 26-27.

In sum, Miroyan controls this issue and precludes Defendants' rational basis argument.

II

The district court also properly concluded that the Oakland Cannibis Buyer's Cooperative ("Cooperative") is not immune from the reach of the Controlled Substances Act pursuant to 21 U.S.C. § 885(d). In United States v. Rosenthal, 454 F.3d 943 (9th Cir. 2006), we addressed this issue and concluded that the very

ordinance at issue here did not afford immunity to a marijuana cultivator who was an agent of the Cooperative. Although this case does not involve a cultivator, we cannot draw a principled distinction between our case and Rosenthal. In Rosenthal, we "reject[ed] the premise that an ordinance such as the one Oakland enacted can shield a defendant from prosecution for violation of federal drug laws." Id. at 948 (emphasis omitted). That premise forms the core of the argument here. Therefore, the district court was correct to apply Rosenthal and hold that the Cooperative was not immune under § 885(d).

### III

The district court also properly rejected the "joint user" defense pursuant to United States v. Swiderski, 548 F.2d 445 (2d Cir. 1977). Assuming, without deciding, that we were to adopt Swiderski as the operative rule in the Circuit, the rule does not apply to the mass simultaneous acquisition of a drug by numerous individuals. See United States v. Wright, 593 F.2d 105,108 (9th Cir. 1979) (expressing no opinion as to whether Swiderski applied in this Circuit, but declining to apply it beyond cases "in which two individuals proceeded together to a place where they simultaneously purchased a controlled substance for their personal use").

### IV

Under our deferential standard of review, we see no abuse of the district court's discretion in granting a permanent injunction. Our careful review of the record shows that the district court carefully weighed all of the relevant equitable factors and correctly analyzed applicable law.

**AFFIRMED.**

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

JUN 12 2008

by: _____
Deputy Clerk